UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1993SNLJ |
| ) | |
| 1ST FINANCIAL FEDERAL ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this action for negligence and §1983 constitutional violation(s) in connection with the foreclosure on real estate property located at 4735 North Hills Ln., St. Louis, MO 63121. This matter is before the Court on the defendant's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) Fed.R.Civ. P. [5], filed December 27, 2012. As of today's date, plaintiff has failed to file any type of responsive pleading.

Plaintiff alleges that on or about June 10, 2008 plaintiff entered into a loan transaction with the defendant by executing a Deed of Trust granting the defendant a security interest in and to a parcel of real estate located in St. Louis County at 4735 North Hills Ln., St. Louis, Missouri 63121 and recorded as Lot 106 of Prince Charles Park No. 3, a subdivision in St. Louis County, Missouri, in Plat Book 64 of St. Louis County.

In early 2012 plaintiff lost his full-time employment but ultimately secured part-time employment. However, due to the change in his employment status, plaintiff became delinquent in his mortgage payments to the defendant. Upon the defendant commencing foreclosure proceedings, plaintiff sought a loan modification pursuant to the Home Affordable Modification

Act (HAMP). Plaintiff also sought bankruptcy protection but his Chapter 13 plan was not approved and his bankruptcy filing was dismissed.

Plaintiff was informed that defendant 1st Financial was not a participating HAMP provider; however, plaintiff persisted in attempting to secure some type of loan modification with the defendant. Defendant reviewed the plaintiff's loan file for a possible modification but ultimately determined that plaintiff was not qualified for an "in-house" loan modification because plaintiff was self-employed[1] without verifiable income.

Plaintiff was informed of the defendant's decision and the defendant's scheduled foreclosure date of August14, 2012. Plaintiff continued to try to secure a loan modification with defendant without success. Plaintiff further attempted to re-file his Chapter 13 bankruptcy plan, but this too was unsuccessful.

On or about August 14, 2012 defendant proceeded with the foreclosure sale and was the successful bidder on the subject property. Thereafter defendant instituted an Unlawful Detainer action in St. Louis County Circuit Court. The Unlawful Detainer action was adjudicated on November 27, 2012 and an order restoring possession of the subject property to the defendant was entered on November 28, 2012.

Plaintiff contends that defendant negligently violated the HAMP Guidelines by foreclosing on his property prior to his application's evaluation for a loan modification. Plaintiff contends that he was denied the opportunity to apply for a modification prior to the foreclosure although he alleges he was qualified for such a HAMP modification. He contends that the foreclosure was unlawful and requests injunctive relief in that the Court set aside the foreclosure.

---

[1] In his complaint, plaintiff refers to "B & B Enterprises" as his "agent" and a "loan modification enterprise." The Court is unclear as to exactly what type of entity "B & B Enterprises" purports to be and the exact nature of plaintiff's purported "agency" relationship with "B & B Enterprises."

He further contends that defendant violated his constitutional rights by using state foreclosure statutes and state officers to effectuate unlawful foreclosure proceedings in connection with the subject property. He seeks a declaratory judgment setting aside the foreclosure and damages.

Defendant contends that this cause of action should be dismissed for several reasons: 1) insufficient service under Rule 12(b)(5); 2) lack of subject matter jurisdiction under Rule 12(b)(1) because there is no private right of action under HAMP; and 3) failure to state a claim under Rule 12(b)(6) because the relationship between the parties lies in contract and not tort, so a negligence claim is not viable; and further, defendant is an "individual" acting pursuant to a contract and not a "state official" acting under the color of state law when initiating foreclosure proceedings.

After careful review of the plaintiff's complaint, the instant motion and submitted caselaw, and in light of the plaintiff's failure to challenge any of the legal points for dismissal raised by the defendant, the Court will grant the motion.

Firstly, plaintiff's service upon the defendant by certified mail was insufficient under Rule 4(h) Fed.R.Civ.P. which requires personal service to an entity such as the defendant. By virtue of the instant motion, plaintiff has been made aware of his defective service method but has, to-date, apparently made no attempt to properly re-serve the defendant. Thus, defendant's motion shall be granted and this cause of action dismissed without prejudice due to insufficient service of process.

However, given the fact that plaintiff's cause of action must also be dismissed pursuant to Rule 12(b)(1) and 12(b)(6), the dismissal will be with prejudice. As defendant asserts, there is no private right of action under HAMP. *See*, Bohnhoff v. Wells Fargo Bank, N.A., 853 F.Supp.2d. 849, 853 (D.Minn. 2012); Topchian v. JPMorgan Chase Bank, N.A., 2013 WL 1628525 (W.D.Mo. April 16, 2013); Meng v. Citimortgage, Inc., 2013 WL 1319008 (E.D.Mo.

3

March 29, 2013); Foster v. Deutsche Bank National Trust Co., 2012 WL 5285887 (E.D.Mo. Oc. 25, 2012); Haapala v. Bank of America, N.A., 2012 WL 1883816 (D.Minn. May 22, 2012); Maxwell v. Aurora Loan Services, LLC, 2011 WL 4014327 (E.D.Mo. Sept. 9, 2011). Thus, to the extent that the plaintiff is attempting to state a claim under HAMP or seeking to enforce HAMP Guidelines, such claims are dismissed with prejudice.

Furthermore, under Missouri law, plaintiff has failed to state a claim for negligence against the defendant. Plaintiff claims that the defendant "negligently" foreclosed upon his property in violation of the HAMP Guidelines. Under Missouri law, the required elements for a negligence action is 1) the defendant had a duty to protect the plaintiff from injury; 2) the defendant breached that duty, and 3) the breach was the proximate cause of the plaintiff's injury. Whipple v. Allen, 324 S.W.3d. 447, 451 (Mo.App. 2010); Pace v. Wells Fargo Bank, N.A., 2012 WL 3705088, *15 *citing* Whipple, *supra.* However, under Missouri law, the relationship between a lender and a borrower is one of contractual obligation, not of duty. Pace, 2012 WL 3705088, at *15 (citations omitted). Here, the plaintiff clearly alleges that the parties entered into a contractual relationship; i.e. a mortgage loan transaction. He alleges that the foreclosure was in violation of HAMP Guidelines, but fails to allege that the foreclosure was in violation of any contractual right that the defendant had under the mortgage loan agreement. Since the parties' relationship was contractual in nature, plaintiff has failed to allege that defendant owed plaintiff a "duty" which it breached, and plaintiff's Count I negligence claim must fail.

In Count II, plaintiff contends that defendant violated his constitutional rights because defendant pursued its foreclosure action through Missouri's foreclosure statutes and by using Missouri "officials" to conduct the foreclosure proceedings. Although unclear as to which "constitutional right" was violated, plaintiff refers vaguely to the Fifth and Fourteenth Amendment in the "Introduction" section of his complaint. *See*, Plaintiff's Complaint [1], ¶3.

4

The defendant contends that it is an individual, not a "state official, and not "acting under the color of state law" in effectuating its contractual right to foreclose on the subject property. The Court concurs.

Federal district courts have jurisdiction over all civil actions arising under the federal constitution. 28 U.S.C. §1331. Plaintiff appears to allege a due process violation in that the state foreclosure proceedings violated his constitutional rights under the Fifth Amendment. The Due Process Clause of the Fifth Amendment provides that: "No person shall . . . be deprived of . . . property, without due process of law . . ." The Fifth Amendment only applies to federal government action, not to the actions of a private individual; while the Fourteenth Amendment due process clause applies to the states. Warren v. Government National Mortgage Ass'n, 611 F.2d. 1229, 1232 (8th Cir. 1980)(citations omitted); *see also,* Hess v. Ables, 714 F.3d. 1048, 1053 (8th Cir. 2013)(a Fifth Amendment claim is unsustainable against non-federal government defendants). The standard for finding federal government action under the Fifth Amendment is the same as that for finding state action under the Fourteenth Amendment. Warren, at 1232. That standard requires "a sufficiently close nexus between the [government] and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the [government] itself." Warren, at 1232 *quoting* Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).

In Warren, *supra.*, the Eighth Circuit Court of Appeals held that the foreclosure of a deed of trust according to its contractual terms and the state foreclosure statutes did not give rise to a cognizable Fifth Amendment claim unless the powers otherwise exercisable by officers or employees of the federal government were in any way applied or used in the foreclosure of the plaintiff's deed of trust. *Id.*, at 1235. The Court found that the defendant mortgage association as a party to the deed of contract, and even though it was governmentally-owned and authorized

5

entity, had a right to resort to its contractual remedies as any purely private entity was entitled to do so; and that such contractual power existed independent of any statute otherwise governing it. *Id.*, at 1234. Thus, the Court concluded that mortgage foreclosures as a contractual remedy was not in and of itself an exercise of powers of a governmental nature. As the deed of trust foreclosure was admittedly done according to its own terms and under the extrajudicial foreclosure statutes of Missouri, the Fifth Amendment was not implicated. *Id.*, at 1235.

Here, the plaintiff alleges that the foreclosure arose out of his default on the subject deed of trust. He fails to allege that the foreclosure was done in violation of the terms of the deed of trust, or that the foreclosure was done in violation of Missouri foreclosure laws. He admits he was aware of the pending foreclosure and failed to secure a loan modification to delay or stop the foreclosure. He fails to allege that he rectify his default in any way in order to delay or stop the foreclosure. His Fifth Amendment and Fourteenth Amendment claim is based on his sole allegation of direct government involvement that the defendant's foreclosure was done (presumably properly) under state law by the state officials. Given that the foreclosure was done pursuant to a contract between private parties, and in accordance with Missouri law, the Court finds that the plaintiff has failed to sufficiently allege the requisite close nexus between the defendant and the federal government or the State of Missouri to suggest that the defendant's foreclosure was the action of either federal or state government making the due process clause applicable. Since the plaintiff has failed to allege the requisite state or federal action necessary to state a constitutional violation, he fails to state a viable § 1983 claim for which relief can be granted. Plaintiff's Count II § 1983 claim will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [5] be and is **GRANTED**. Plaintiff's cause of action, in its entirety, is hereby **DISMISSED WITH PREJUDICE**. No further action shall be taken in this case.

Dated this  27th day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE